IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE LEON PROCTOR,**

    **Petitioner,**

    v.                                                                              **Civil Action No. 1:17-CV-45**

**JENNIFER SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 22, 2017, *pro se* Petitioner, Bruce Proctor ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who was housed at USP Gilmer when he initiated this action and is challenging the validity of his sentence imposed in the United States District Court for the Western District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. PROCEDURAL HISTORY[1]

On April 11, 2012, Petitioner pled guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) in the United States District Court for the Western District of Pennsylvania. ECF No. 17. On August 30, 2102, Petitioner was sentenced to imprisonment for a term of 121 months, followed by five years of supervised release. ECF No. 34.

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Western District of Pennsylvania, No. 2:12-cr-18 available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

On March 7, 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner alleged that his state court counsel's failure to advise him of a possible federal indictment (and its correspondingly stiffer penalties) amounted to ineffective assistance. ECF No. 39 at 4. Petitioner alleged that had he known that his rejection of the state court plea deal could lead to his federal indictment, and much more severe punishment in federal court, he would have taken the state offered plea. ECF No. 41 at 7. The district court declined to reach the merits of Petitioner's argument because his Motion was time-barred by 28 U.S.C. § 2255. ECF No. 53. The United State Court of Appeals for the Third Circuit declined to issue a certificate of appealability. ECF No. 58.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner cites *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Petitioner argues that his predicate convictions[2] should not qualify as controlled substance offenses under *Mathis*, and that his sentencing enhancement as a "career offender" under U.S.S.G. 4B1.1 is improper.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed

---

[2] In particular, Petitioner argues that his convictions for violation of Pennsylvania Statute 780-113 do not qualify as controlled substance offenses as defined by 4B1.1(3) of the sentencing guidelines.

pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and therefore, no response is required of Respondent.

**V.      DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings only preserves claims in which the petitioner alleges actual innocence of a conviction,[3] *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[4] for relief. However, that decision did not decriminalize the conduct for which

---

[3] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).
[4] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*,

Petitioner was convicted and therefore, under Fourth Circuit precedent, he is unable to satisfy the § 2255's savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and

---

the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. *Id*.

Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: November 3, 2017.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE