IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE LEON PROCTOR,**

      **Petitioner,**

v. // CIVIL ACTION NO. 1:17CV45
                         (Judge Keeley)

**JENNIFER SAAD, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

     On March 22, 2017, the pro se petitioner, Bruce Leon Proctor ("Proctor"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). In his sole ground for relief, Proctor argues that, in the wake of Mathis v. United States, 136 S. Ct. 2243 (2016), his "previous drug convictions are no longer predicate offenses" under the career offender guideline (Dkt. No. 1 at 5). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review.

     In a Report and Recommendation ("R&R") entered on November 3, 2017, Magistrate Judge Trumble recommended that the Court deny and dismiss Proctor's Petition without prejudice (Dkt. No. 9). Because petitioners typically must attack their sentence under § 2255, and Proctor has not established that § 2255 is an inadequate or ineffective remedy pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), the R&R reasoned that Proctor cannot utilize § 2241 to challenge his sentencing enhancement (Dkt. No. 9 at 3-5).

**PROCTOR V. SAAD**                                              1:17CV45

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

The R&R also informed Proctor of his right to file "written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections." Id. at 5. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Although Proctor received the R&R on November 6, 2017 (Dkt. No. 10), he has not filed any objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Upon review of the R&R and the record for clear error, the Court:

**1)**   **ADOPTS** the R&R (Dkt. No. 9); and

2

**PROCTOR V. SAAD**                                                        1:17CV45

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

    **2)**    **DENIES** and **DISMISSES** Proctor's Petition **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: December 19, 2017

                                                  /s/ Irene M. Keeley
                                                  IRENE M. KEELEY
                                                  UNITED STATES DISTRICT JUDGE